PER CURIAM:
Claimant brought this action requesting recovery for damages to his 1984 Chrysler Fifth Avenue which occurred on January 4,1993, on W.Va. Route 61/24 in the Armstrong Creek area of Fayette County. The total of the damages to claimant’s automobile is $679.21; however the amount of the claim is $250.00, which represents the amount of claimant’s deductible provided in his insurance coverage.
Claimant, a resident of the Armstrong Creek area, is very familiar with W.Va. Route 61/24. The residents of this area had complained about the condition of this particular road and had met with representatives of the respondent in February 1992, to discuss the deteriorated condition of W.Va. Route 61/24. The road was paved in November 1992, but the pavement deteriorated as coal tracks traveled this road on a daily basis. The “load side” of the road appeared to sustain the most damages. Claimant’s accident occurred on a bridge when his vehicle struck a hole in the bridge deck. Claimant was unable to see the hole as it was filled with water at that time. Claimant submitted a video tape of W.Va. Route 61/24 in order for this Court to observe the poor condition of the pavement. The video tape was taken on January 23,1993, but does not include the location of claimant’s accident on the bridge.
Respondent did not offer any testimony, but its position is that respondent was *44 working on the road and that the road was tom up.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a defect of this sort, it must have had either actual or constmctive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). Claimant herein has established that respondent was well aware of the deteriorated condition of W.Va. Route 61/24. Claimant also was aware of the hazardous conditions existing on this road in January 1993; however, it appears to this Court that claimant was not negligent when he drove over the bridge and was unable to see the hazard which existed there. This Court is disposed to make an award to the claimant for the damages to his automobile, as respondent allowed this particular road to remain in an obvious deteriorated condition over a long period of time.
Accordingly, this Court makes an award to the claimant in the amount of $250.00.
Award of $250.00.